Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HECTOR CASTELLANOS-CERRATO, <br><br> Defendant. | No. CR09-144RAJ <br><br> ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

## I. INTRODUCTION

This matter comes before the court on Defendant Hector Castellanos-Cerrato's *pro se* motion requesting a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the United States Sentencing Guidelines ("USSG") (Dkt. #74). Plaintiff United States of America opposes the motion (Dkt. #77). The court has thoroughly considered the parties' briefing, the relevant record, and the applicable law. Being fully advised,[1] the court DENIES Defendant Casstellanos-Cerrato's motion for the reasons stated below.

## II. BACKGROUND

Defendant Hector Castellanos-Cerrato was sentenced by this court on January 8, 2010 following his plea of guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), and 846, and one

---

[1] No party has requested it, and the court finds oral argument to be unnecessary.

ORDER DENYING MOTION
FOR REDUCTION OF SENTENCE – 1

count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A), and 18 U.S.C. § 2. The Indictment charged and Defendant acknowledged in his Plea Agreement that the offenses involved fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base. The Statement of Facts and Sentencing Factors stipulations within the Plea Agreement further established the true quantity of cocaine base involved in Defendant's offenses was at least 1.5 kilograms, but less than 4.5 kilograms.

At the time Defendant was sentenced, based on this quantity of drugs, Defendant's total offense level was 36, his criminal history category was I, and his applicable sentencing guideline range was 188 to 235 months. However, pursuant to 21 U.S.C. § 841(b)(1)(A), Defendant was subject to a mandatory minimum sentence of ten years (120 months). (*See* Plea Agreement, Dkt. #44.) At sentencing, the court varied below the guidelines range and imposed a term of 120 months' imprisonment, noting that the mandatory minimum was imposed.

### III. DISCUSSION

**A. Legal Standard**

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the Defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be

consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the Defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

### B. Defendant's Motion

Defendant's sentence was a mandatory minimum sentence rather than a sentence based on any section of the Sentencing Guidelines that subsequently has been amended. Sentence reductions are not available to defendants who have been sentenced to the applicable mandatory minimum sentence. As the Ninth Circuit has stated, "[i]t is axiomatic that a statutory minimum sentence is mandatory." *United States v. Sykes,* 658 F.3d 1140, 1146 (9th Cir. 2011). Section 5G1.1(c)(2) of the Guidelines states that a sentence "may be imposed at any point within the applicable guideline range, provided that the sentence is not less than any statutorily required minimum sentence." USSG §5G1.1(c)(2). Thus, when a defendant is subject to a mandatory minimum sentence, the sentence is never "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Paulk,* 569 F.3d 1094, 1095 (9th Cir. 2009). Therefore, the Defendant does not qualify for a sentence reduction.

## IV. CONCLUSION

For the above reasons, Defendant Hector Castellanos-Cerrato's *pro se* Motion to Reduce Sentence (Dkt. #74) is DENIED.

DATED this 3rd day of December, 2015.

The Honorable Richard A. Jones
United States District Judge